UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
OLESYA O'ROURKE,

                                            Case No.:   20-cv-3367

                       Plaintiff,

- against -                                    **COMPLAINT**

TWINS DENTAL CARE, P.C., SIMKHA SOLOMON,
and SAMPSON SOLOMON,                        JURY TRIAL DEMANDED

                     Defendants.
-------------------------------------------------------------------x

      Plaintiff Olesya O'Rourke (hereinafter "Plaintiff"), by her attorneys, Tuch & Cohen LLP, alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action against defendants Twins Dental Care, P.C., Simkha Solomon, and Sampson Solomon (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws.

      2.    Plaintiff was employed by Defendants' dental practice as a receptionist and clerical employee during the period October 2015 to present.

      3.    Defendants have a policy and practice of not paying any of its employees overtime premium wages.  As a result, Plaintiff has been denied thousands of dollars in overtime pay to which she is lawfully entitled under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207(a), and the New York Labor Law ("NYLL"), §652.

      4.    Defendants have also failed to pay Plaintiff the required minimum wage to which she was entitled for all hours Plaintiff worked, in violation of the FLSA, 29 U.S.C. §§201-203, and

NYLL §652.

5. Defendants have also failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, and other information required by NYLL §195(1).

6. Lastly, Defendants have failed to provide Plaintiff with wage statements that comply with the requirements of NYLL §195(3).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## PARTIES

**Plaintiff**

11. Plaintiff is an adult individual who is a resident of Fresh Meadows, New York.

12. Plaintiff has been employed by Defendants as a receptionist and clerical employee from in or about October 2015 to the present.

13. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

14. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

**Corporate Defendant**

15. Defendant Twins Dental Care, P.C. (the "Practice") is a New York professional corporation with offices located at 114-06 Queens Boulevard, Forest Hills, New York 11375 and 6531 52nd Avenue, Maspeth, New York 11378.

16. The Practice employed Plaintiff throughout the relevant period within the meaning of the FLSA and NYLL.

17. The Practice is a covered employer within the meaning of the FLSA and NYLL.

18. Upon information and belief, the Practice is at present and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and who have handled, soled or otherwise worked on goods or material that have been moved in or produced for commerce, and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**Individual Defendants**

    **Sampson Solomon**

19. Upon information and belief, defendant Sampson Solomon is the Chief Executive Officer and a principal of the Practice.

20. Upon information and belief, at all relevant times defendant Sampson Solomon has power over personnel and payroll decisions at the Practice, and has the power to hire and fire employees, establish and pay their wages, set their work schedule, and otherwise control the terms and conditions of their employment.

21. Upon information and belief, at all relevant times defendant Sampson Solomon has

had power over payroll decision at the Practice, including the power to retain time and wage records.

22. Upon information and belief, defendant Sampson Solomon has been actively involved in managing the day-to-day operations of the Practice.

23. Upon information and belief, defendant Sampson Solomon has had the power to stop any illegal pay practices.

24. During all relevant times herein, defendant Sampson Solomon was Plaintiff's employer within the meaning of the FLSA and NYLL.

**Simkha Solomon**

25. Upon information and belief, defendant Simkha Solomon is the Chief Executive Officer and a principal of the Practice.

26. Upon information and belief, at all relevant times defendant Simkha Solomon has power over personnel and payroll decisions at the Practice, and has the power to hire and fire employees, establish and pay their wages, set their work schedule, and otherwise control the terms and conditions of their employment.

27. Upon information and belief, at all relevant times defendant Simkha Solomon has had power over payroll decision at the Practice, including the power to retain time and wage records.

28. Upon information and belief, defendant Simkha Solomon has been actively involved in managing the day-to-day operations of the Practice.

29. Upon information and belief, defendant Simkha Solomon has had the power to stop any illegal pay practices.

30. During all relevant times herein, defendant Simkha Solomon was Plaintiff's employer within the meaning of the FLSA and NYLL.

**FACTUAL ALLEGATIONS**

31. Plaintiff was employed by Defendants in the Practice's offices as a receptionist and clerical employee during the period October 2015 to date.

32. Plaintiff was paid by Defendants a flat hourly wage of $15.00 per hour for all hours worked from mid-October 2015 to December 2017, when her wage was increased to $17.00 per hour. Plaintiff's wage increased once again to $18.00 per hour in June 2018.

33. Although Plaintiff is a non-exempt, non-salaried hourly employee and has routinely worked fifty (50) to sixty (60) hours or more per week throughout the course of her employment, Defendants have never paid Plaintiff time and a half for hours worked over forty (40) hours per workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Defendants have, on occasion also failed to pay Plaintiff minimum wages.

35. For example, during Plaintiff's first week of employment with Defendants during which she was trained for her new position, Plaintiff was not paid any wages.

36. As another example, on November 16, 2018, Plaintiff worked approximately eight (8) hours in Defendants' Forest Hills office. Following her shift, Plaintiff inserted her time card into Defendants' time clock, however the time clock did not properly imprint the time on the card, and Plaintiff did not notice the error.

37. Upon learning that her time had not been properly recorded on the time card, Plaintiff informed defendant Simkha Solomon of the error. She was informed Defendants would only pay Plaintiff for one (1) hour, and that the error in recording her time was "her problem."

38. Defendants' refusal to pay Plaintiff the legally prescribed minimum wage for hours worked during her first week of employment and on November 15, 2018 constitutes a blatant

5

violation of the minimum wage provisions of the FLSA and NYLL.

39. Defendants' unlawful conduct, as described herein, is pursuant to a policy or practice of minimizing labor costs by disregarding the FLSA and NYLL's overtime and minimum wage provisions.

40. Defendants are aware or should have been aware that employees performing non-exempt duties are entitled to be paid for all hours worked, and to be paid an overtime premium for hours worked in excess of forty (40) hours per workweek.

41. Upon information and belief, in addition to failing to pay overtime compensation and minimum wages to Plaintiff and other employees of the Practice, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place as required by both the NYLL and FLSA.

42. Upon information and belief, Defendants willfully failed to keep payroll records meeting the requirements of both the NYLL and the FLSA.

43. Upon information and belief, Defendants failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, and other information as required by the NYLL.

44. Upon information and belief, Defendants failed to issue Plaintiff proper wage statements detailing *inter alia* her rate of pay and hours worked as required by the NYLL.

45. As a result of these labor law violations, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks prejudgment interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
**Overtime Wage Violations Under the Fair Labor Standards Act**

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants have willfully and intentionally engaged in a widespread pattern, policy and practice of violating the provisions of the FLSA, as described herein, by failing and refusing to pay Plaintiff compensation for hours worked in excess of forty (40) hours per week at a rate of one and one-half times her regular rate of pay as required by section 207 (a) of the FLSA, 29 U.S.C. §207(a).

48. At all times relevant, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

50. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. Defendants violations of the FLSA have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

53. Because Defendants' violations of the FLSA, including but not limited to failing to pay overtime compensation for hours worked in excess of forty (40) per week have been willful, a

three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

54. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recover from Defendants, jointly and severally, such amounts together with liquidated damages, pre-judgment interest, attorneys' fees, costs and other damages pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wage Violations Under the New York State Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants have engaged in a widespread pattern, policy and practice of violating the provisions of the NYLL, as described herein.

57. At all times relevant Plaintiff has been an employee and Defendants her employer within the meaning of the NYLL.

58. Defendants have failed to pay Plaintiff overtime wages to which she is entitled under Article 19, §650 *et. seq.* of the NYLL and supporting regulations.

59. Defendants' violations of the NYLL, as described herein, have been willful and intentional.

60. Because Defendants' violations of the NYLL, including but not limited to failing to pay overtime compensation for hours worked in excess of forty (40) per week have been willful, a six-year statute of limitations applies, pursuant to Article 6, §198 of the NYLL.

61. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover unpaid overtime compensation from Defendants, jointly and severally, together with attorneys' fees, pre-

judgment and post-judgment interest, costs, and liquidated damages under Article 6, §198 of the NYLL.

### THIRD CAUSE OF ACTION
### Failure to Pay Wages in Violation of the Fair Labor Standards Act

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed to pay Plaintiff any wages for hours worked on November 16, 2018 in accordance with 29 U.S.C. §§201-203.

64. Defendants' violation of the FLSA was willful and intentional.

65. As a result of Defendants' willful and intentional acts, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, together with her reasonable attorneys' fees and costs of action including interest, pursuant to 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Failure to Pay Wages in Violation of the New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to pay Plaintiff any wages for hours worked during her first week of employment in October 2015, and on November 16, 2018 in violation of Article 6 of the NYLL, §§ 190, 191 *et seq.,* and supporting regulations.

68. Defendants' willful failure to pay Plaintiff her wages for her first week of employment in October 2015, and on November 16, 2018 constitutes a violation of the New York Minimum Wage Act, Article 19, of the NYLL, § 650 *et seq.*, and supporting regulations.

69. As a result of Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages as provided for by Article 6 of the NYLL, § 198, together with her reasonable attorneys' fees, costs of action, pre-judgment interest, and post-judgment interest.

### FIFTH CAUSE OF ACTION
### Violation of New York Labor Law Notice and Recordkeeping Requirements

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiff with a written notice of the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer, any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and mailing address if different; the telephone number; and such other information as required by NYLL §195(1).

72. Defendants are liable to Plaintiff, jointly and severally, in the amount of $5,000.00 together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### Violation of the New York Labor Law Wage Statement Requirements

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiff with a statement with every payment of wages, listing rates of pay and basis thereof, gross wages, deductions, allowances, net wages if any claimed as part of minimum wage, the regular hourly rate of pay, the overtime rate of pay, the number of

regular hours worked, and the number of overtime hours worked in violation of NYLL §195(3) and the Wage Theft Prevention Act, amended and codified in L.2010, ch. 564 § 3.

75. Defendants are liable to Plaintiff, jointly and severally, in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a) and 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by the Complaint.

Dated: July 27, 2020
       Westbury, New York

                                              TUCH & COHEN LLP

                                              By:   Laurence I. Cohen (LC 0486)
                                              *Attorneys for Plaintiff*
                                              1025 Old Country Road, Suite 411
                                              Westbury, New York 11590
                                              (516) 783-0062

F:\WPDATA\O'Rourke, Olesya\9847-000 Olesya O'Rourke v. Twins Dental Care. P.C\Pleadings\07-27-20 Complaint [Final].wpd

12