# TUCH & COHEN LLP
## ATTORNEYS AT LAW

Kenneth R. Tuch
Laurence I. Cohen

1025 Old Country Road, Suite 411
Westbury, New York 11590
(516) 783-0062
Fax (516) 783-0082

*This office does not accept service
of any legal papers by facsimile*

*Via ECF*

June 16, 2021

Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Olesya O'Rourke v. Twins Dental Care, P.C., *et al.*
      Civil Action No.: 20-CV-3367; Our File No.: 8947.001

Dear Judge Bulsara:

This office is counsel to plaintiff Olesya O'Rourke in the above-referenced wage and hour action. The parties jointly submit their settlement of this action for approval by the Court as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Plaintiff commenced this action on July 27, 2020 seeking to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207(a), and §652 of the New York Labor Law ("NYLL"). Plaintiff's complaint also alleges that Defendants failed to pay Plaintiff the required minimum wage to which she was entitled for all hours Plaintiff worked, in violation of the FLSA, 29 U.S.C. §§201-203, and NYLL §652, that they failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, and other information required by NYLL §195(1), and that they failed to provide Plaintiff with wage statements that comply with the requirements of NYLL §195(3)(collectively, the "Wage Claims").

Separate and apart from the Wage Claims, Plaintiff has also alleged that she was the subject of unlawful sexual harassment, and indicated an intention to pursue a separate action pursuant to New York State Executive Law §296 *et. seq.* and the New York City Administrative Code Title 8, §8-107 *et. seq.* (hereinafter, the "Ancillary Claims").

# TUCH & COHEN LLP

*Hon. Sanket J. Bulsara (8947.001)*
June 16, 2021
page 2

On May 17, 2021 the parties attended a virtual Settlement Conference, which concluded with the Court's suggestion that the parties consider globally settling the Wage Claims and the Ancillary Claims for the sum of $92,500.00. Thereafter, on or about May 18, 2021 the parties separately wrote to the Court *ex parte* to inform the Court that they were amenable to the suggested settlement sum. By Order dated May 19, 2021 the parties were directed to file their motion for settlement approval.

Courts within the Second Circuit generally prohibit the settlement of unrelated claims in the context of an FLSA action. *See Cheeks*, 796 F.3d at 206 ("an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" should not be approved)(internal quotations omitted); *Seecharan v. Heritage Place LLC*, 2021 WL 1299692 at *4 (E.D.N.Y. 2021)(Bloom, J.)(*citing Cheeks*, 796 F.3d at 206 and *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016)("FLSA settlements which purport to waive all claims against a defendant, including those unrelated to wage-and-hour issues, should be rejected"). While the proposed settlement does not purport to release any and every claim Plaintiff might have against the Defendants, because the Ancillary Claims are not related to the Wage Claims the parties have apportioned $76,014.11 towards settlement of the Wage Claims (for which approval is sought through this motion), and $16,485.89 towards settlement of the Ancillary Claims (which the parties will settle separately without the Court's involvement unless instructed otherwise).[1]

Annexed hereto as Exhibit "A" is a copy of the proposed Settlement Agreement covering the Wage Claims. Under the Agreement, Plaintiff will receive $50,000.00 and Plaintiff's Counsel will receive $25,000.00 in attorneys' fees, and $1,014.11 in costs. The release contained within the Agreement is limited to the Wage Claims and contains no confidentiality provisions that would clash with the remedial purposes of the FLSA. Accordingly, we believe the Agreement is fair and reasonable in all respects under applicable case law and should be approved by the Court.

The Second Circuit holds that stipulated dismissals pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure settling FLSA claims with prejudice require the approval of the district court or the United States Department of Labor to be effective. *Cheeks*, 796 F.3d at 206. In considering whether to approve an FLSA settlement, the Court should examine the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). Here, the proposed settlement meets all of these factors.

---

[1] Of the $16,485.89, Plaintiff will receive $10,990.60, and $5,495.29 will constitute attorneys' fees.

# TUCH & COHEN LLP

*Hon. Sanket J. Bulsara (8947.001)*
June 16, 2021
page 3

First, Plaintiff's potential recovery on her Wage Claims, excluding attorneys' fees, ranges from approximately $53,000.00 (as calculated by Plaintiff in her May 12, 2021 settlement counter-proposal to Defendants) to $48,000.00 (as calculated by Defendants in their May 11, 2021 settlement proposal). The $50,000.00 sum Plaintiff will receive in satisfaction of her Wage Claims if this Settlement Agreement is approved is within that range and represents a reasonable settlement of the Wage Claims.

Second, the proposed settlement enables the parties to avoid the anticipated burdens and expense of litigation, especially when the range of possible recovery is potentially less than the attorneys' fees or costs either side may have to expend to pursue their claims/defenses (e.g., deposition costs, motion practice, trial etc.). Plaintiff is obtaining a recovery without having to go through the cost and expense associated with completion of the discovery process, while Defendants are achieving a global settlement of both the Wage Claims and the Ancillary Claims that Plaintiff would otherwise pursue.

Third, there are significant litigation risks each side would bear were this case to continue. Specifically, Defendants risk expending tens of thousands of dollars in legal fees to defend against Plaintiff's claims, while Plaintiff avoids the risk of losing her own litigation costs should Defendants ultimately prevail.

Fourth and fifth, all parties have been represented in this action by experienced counsel who practice in the area of employment litigation. The proposed settlement is the product of a lengthy settlement conference conducted by the Court; one that was preceded by a mediation session, and months of arm's length negotiations by and among the parties' counsel.

Plaintiff's counsel seeks approval of $25,000.00 in attorneys' fees expended on behalf of the Plaintiff, which amounts to the standard 33 1/3% contingency fee, plus $1,014.11 in costs.[2] In considering the reasonableness of a fee award in FLSA cases, the Court must consider the factors set forth in *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 53-54 (2d Cir. 2000). These factors include (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Here, Plaintiff's counsel maintained contemporaneous time records reflecting the tasks performed and the time it took to perform those tasks. Based on these time records, Plaintiff's counsel has devoted 162.7 hours in representing

---

[2] Fees include the Civil Case Filing Fee ($400.00), service of process on the corporate defendant via the Secretary of State ($65.00), process service fees for the individual defendants ($161.50), mediation retainer fee ($300.00), and postage and photocopying fees ($87.61).

# TUCH & COHEN LLP

*Hon. Sanket J. Bulsara (8947.001)*
June 16, 2021
page 4


Plaintiff in connection with her Wage Claims for a total of $46,235.00 in fees.[3] The work conducted by Plaintiff's counsel in this action includes, but is not limited to: (1) meeting with Plaintiff to discuss and evaluate her claims; (2) preparation of the complaint; (3) preparation of Rule 26 disclosures; (4) preparation of discovery demands and responses to Defendants' demands; (5) analysis of time cards and pay records; (6) calculation of damages; (7) participation in a 5 hour mediation session; (8) participation in Court conferences inclusive of the settlement conference; (9) multiple telephone conferences with and letters to Defendants' counsel; and (10) meetings and correspondence with Plaintiff.

For all of the foregoing reasons, the parties respectfully request that the Court approve the Settlement Agreement.

Respectfully submitted,

TUCH & COHEN LLP

By: Laurence I. Cohen

LIC:bw

cc:   Irene Sinayskaya, Esq. (via ECF)

---

[3] The requested attorneys' fees of $25,000.00 are 0.54 times the loadstar of $46,235.00. The undersigned billed 89.6 hours at a rate of $335.00 per hour in connection with this matter. I am a 1992 graduate of Hofstra University School of Law, and have handled numerous wage and hour matters during my twenty nine years in practice. My partner, Kenneth Tuch, billed 28.4 hours at a rate of $335.00 per hour. Mr. Tuch is a 1993 graduate of New York Law School, and he too has handled numerous wage and hour matters during the course of his career. Paralegal work performed on this case amounted to 44.7 hours and was billed at a rate of $150.00 per hour.